The opinion of the court was delivered by
Gibson, J.
The points made by the plaintiff in error, are founded on an assumption of the fact, that the tract for which he took defence in the court below, was actually excluded by tbe levy, in consequence of which it was sold. If, by reason of the defendant’s declarations at the sale, the plaintiff was induced to purchase, under a belief that it was included, although the sheriff’s deed would not convey the legal title, yet his purchase would give him an equity which chancery would render effectual, by decreeing a conveyance; and this, whether such declarations proceeded from design, or a misapprehension of the fact. If both were equally innocent, a loss, in consequence of the acts or declarations of the one, ought not to be borne by the other. Then it remains to be considered, how far this result may be varied by the defendant’s offer, to take the whole purchase off the plaintiff’s hands, and compensate the trouble and expense which he had incurred. This offer was made after the sheriff’s deed had been acknowledged. The consequences of the common mistake of all parties may be obviated, by setting aside the sale, and again putting the property up, on fair terms; but to this, which I take to be the only remedy of which the case is susceptible, recourse cannot be had, after the sale has been carried into effect by a conveyance. But an offer to take the property off the purchaser’s hands, is quite a different thing. If the debtor can put him exactly in the situation he would have held, if he had purchased with full knowledge of the facts, it is all very well; but, if he cannot repair the consequences of his own mistake, but by depriving the purchaser of his bargain, how can he eomplain ? The property may, from accidental circumstances, be worth much more to the purchaser than its intrinsic value; and his object in making the purchase ought not to be frustrated, by correcting, at his expense, an error of which he was not the author. And beside, if all parties acted under the same misapprehension, and both tracts were, bona fide, bid for, as if both had actually been included in the levy, what harm has been done ? The presumption is, that the whole was sold for a fair price; and there has been no sacrifice of an unnecessary quantity, for the proceeds of the sale were insufficient to satisfy the debt. Nothing could defeat the plaintiff’s equity, but proof of his having been informed of the true state of the fact, and having permitted the defendant to labour under the consequences of his mistake.lt is, therefore, clear, that the court was right in directing the jury, that these points, as proposed by the plaintiff’s counsel, were not sustainable.
Judgment affirmed.